**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

IESHA MAPP,                                                    :

                                  Plaintiff,

               -against-                                        :            **COMPLAINT**

CITY OF NEW YORK; DETECTIVE DONALD DAAL
POLICE OFFICER DARRELL SHANNON; POLICE
OFFICER CHARLES FOX; POLICE OFFICER NORY
MITCHEL, JOHN DOE                                     :            Jury Trial Demanded


                              Defendants.
--------------------------------------------------------------------X

Plaintiff, IESHA MAPP, by her attorney, MASAI I. LORD Esq., of LORD LAW GROUP

PLLC, alleges upon knowledge as to himself and her own actions, and upon information and

belief as to all other matters, as follows:


<u>**NATURE OF ACTION**</u>

1. Plaintiff Iesha Mapp ("Plaintiff" or "Ms. Mapp") served approximately 15 days in

   custody, and suffered severe injuries due to excessive force used by a Sergeant, after

   being wrongfully arrested and charged with a series of burglaries in Bedford Stuyvesant.

   Dut to the myriad of differences between Ms. Mapp and the woman on video, no

   reasonable person could conclude that Ms. Mapp was the woman on the video.  All

   chargers against her were eventually dismissed.


2. Ms. Mapp brings this action for compensatory damages, punitive damages, and attorney's

   fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her rights under

   the Constitution of the United States of America and the New York State Constitution.

**JURISDICTION**

3.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Ms. Mapp' claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4.   Detectives and police officers of the New York City Police Department (hereinafter "NYPD"), instigated and continued the prosecution of Plaintiff without probable cause to believe Plaintiff to be guilty of the crimes charged.

**VENUE**

5.   Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 28 U.S.C. § 1402(b), where Defendants reside and maintain their relevant places of business, and where the actions complained of herein occurred.

**JURY DEMAND**

6.   Plaintiff Mapp respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**THE PARTIES**

7.   Plaintiff Iesha Mapp is a resident of the State of New York, county of Kings.

8.   Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the New York City Police Department ("NYPD"), a

department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.  The City of New York is sued pursuant to General Municipal Law - GMU § 50.

9.   Defendant Detective Donald Daal, ("Detective Daal")  was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD.  They are sued in their individual capacity.

10.   Defendant Police Officer Darrell Shannon  ("Officer Shannon") was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD.  They are sued in their individual capacity.

11.   Defendant Police Officer Charles Fox  ("Officer Fox") was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD.  They are sued in their individual capacity.

12. Defendant Police Officer Nory Mitchell  ("Officer Shannon") was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD.  They are sued in their individual capacity.

13. That all acts and incidents complained of herein occurred in Kings County, City, and State of New York.

14. That within 90 days after the state law claim of False Imprisonment accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

15. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about September 29, 2021.

16. That the defendants have not adjusted, settled the claim since the Notice of Claim was served and it has exceeded 30 days.

17. That this claim has been commenced and this action has been started within one year and ninety days after the accrual of the state law violation upon which the New York State law claims are based.

18. That all conditions and requirements precedent to the commencement of this action have been complied with.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

**Police Investigate A Series Of Robberies in Bedford Stuyvesant**

19. Detective Donald Daal was assigned to investigate a series of burglaries occurring in the Bed Stuy area of Brooklyn.

20. The first burglary was reported on January 27, 2020, at approximately 2:20 PM at 886 Madison Avenue. On this day, a black male and a black female wearing a white hoodie, white hat, black pants, sneakers, and walking with a limp entered the above-mentioned location by forcing the door open with an unknown object and removing packages from the hallway.

21. On May 15, 2020, at approximately 12:20 PM at 847 Lexington Avenue, a black male and a black female suspect entered into the above-mentioned location using a metal object and once inside, they removed packages from the hallway.

22. On June 6, 2020, at approximately 9:10 PM at 970 Gates Avenue, a black male and a black female suspect entered into the above-mentioned location using a metal object and once inside, they removed packages from the hallway.

23. On June 12, 2020, at approximately 1:30 AM at 921 Gates Avenue, a black male and a black female suspect wearing red sneakers, black and white hat, green camo shorts, black

sweater, and walking with a limp entered into the above-mentioned location using a metal object and once inside, they removed packages from the hallway.

24. On June 14, 2020, at approximately 1:17 AM at 847 Lexington Avenue, a black male and a black female suspect wearing a black and white hat, black pants, white shirt, black sweater, walking with a limp, wearing red sneakers entered into the above-mentioned location using a metal object and once inside, they removed packages as well as a rug from the mailroom and placed it into a shopping cart.

25. On June 17, 2020, at approximately 12:55 AM at 847 Lexington Avenue, a black male and a black female suspect wearing a black durag, white t-shirt, black over the knee shorts, walking with a limp, black sneakers, and a black sweater entered into the above-mentioned location using a metal object and once inside, they removed packages from the mailroom.

**Iesha Mapp is Arrested Even Though She Bears No Resemblance To The Women On Video**

26. A wanted flyer was generated for the two suspects. On July 3, 2020, Detective Daal had a conferral with PO Shannon of the 81 precinct NCO in regards to the female suspect in the case.

27. PO Shannon inexplicably and unreasonably identified Iesha Mapp as a suspect.  A n I-Card was issued for Ms. Mapp's arrest.

28. On July 8, 2020, at approximately 1:50 PM, Ms. Mapp was falsely arrested for the string of burglaries despite there being noticeable differences between the female suspect depicted in the videos and Ms. Mapp.

29. At all times, the female suspect walked with a very pronounced limp. Ms. Mapp does not.

30. The suspect in the video has a protruding bottom lip, Ms. Mapp doesn't have a protruding bottom lip.

31. There is a difference in age where the suspect in the video appeared to be younger than Ms. Mapp.

32. Additionally, the suspect appeared to be slightly heavier than Ms. Mapp. Ms. Mapp only weighed 95lbs at the time of arrest.

33. At all times, the female wore either a hat or durag whereas, Ms. Mapp had on a wig when she was arrested.

34. Moreover, at all times, the female suspect wore what appeared to be men's clothing whereas Ms. Mapp did not.

35. While at the precinct, Ms. Mapp waived her Miranda Warning and agreed to speak to Detective Daal.

36. When confronted by Detective Daal with still photos from all six burglaries, Ms. Mapp informed Detective Daal that she is not the person depicted in the photos.

37. Yet, despite their dissimilarities, Detective Daal falsely arrested Ms. Mapp for crimes she did not commit.

**Excessive Force is Used Against Ms. Mapp as she spends 15 Days Incarcerated Before Being Released And Case  Being Dismissed.**

38. Ms. Mapp was further assaulted by a sergeant at the 81st precinct where the sergeant dislocated Ms. Mapp's arm during the arrest despite her not resisting arrest and she was in handcuffs.

39. Ms. Mapp required multiple hospital visits, she had to wear a cast, and to this day, her arm hasn't fully healed.

40. Ms. Mapp was also informed by various doctors, during her follow-up visits, that she needs an additional surgery in order to get her arm fully back in place.

41. As a result of the false arrest and malicious prosecution of Ms. Mapp, Ms. Mapp also spent fifteen (15) days on Rikers Island until she made bail.

42. All Charges against Ms. Mapp were eventually dismissed by the Kings County District Attorney's Office.

43. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrences and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the CITY OF NEW YORK, its agents, servants and/or employees.

44. Plaintiff was acting lawfully when she was stopped, arrested and imprisoned by agents and/or employees of the City of New York, including but not limited to, upon information and belief, agents employed by the New York City Police Department.

45. Plaintiff was then maliciously prosecuted by and at the direction of the said individuals.

46. None of the aforementioned acts are or were protected by legal privilege, nor were such acts legally justified.

**INJURIES AND DAMAGES**

47. This action seeks damages on behalf of Plaintiff for the loss of liberty, extraordinary emotional pain and suffering, and injuries to her person, that Plaintiff was forced to endure as a consequence of Defendants' decidedly wrongful actions.

48. As a result of his wrongful arrest and unjust imprisonment, despite her actual innocence of any crime, Ms. Mapp was held in custody for approximately fifteen days.  She has suffered, and continues to suffer, severe and ongoing damages.

49. The acts and omissions of Defendants entitle Plaintiff to compensatory and punitive damages.

**CLAIMS FOR RELIEF**

**Claim I: False Arrest Under 42 U.S.C. § 1983 and NY State Law**
*Against All Defendants*

50. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondeat superior.*

52. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants all defendants under false pretenses.

53. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

54. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining of plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause

therefore, and committing such acts resulting in the unlawful arrest and imprisonment of plaintiff.

55. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

56. That plaintiff was conscious of the confinement.

57. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

58. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

59. As a result of defendants' impermissible conduct, plaintiff demand judgement against defendants in a sum of money to be determined at trial.

**Claim II: Malicious Prosecution Under 42 U.S.C. § 1983 and NY State Law**
*Against Detective Daal and Officer Shannon*

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants and other unidentified officers of the NYPD present on the scene without probable cause.

62. Detective Daal and Officer Shannon maliciously claimed Ms. Mapp was in the video, even though all objective credible evidence and reasonable inferences concluded that it was not possible it was her.

63. Defendants commenced this criminal action out of malice.

64. The criminal action against plaintiff has terminated in her favor.

65. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

66. That plaintiff was conscious of the confinement.

67. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

68. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York and of the United States.

69. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

**Claim III: Failure To Intervene Under 42 U.S.C.  § 1983**
*Against Defendant Officer Fox and Officer Mitchell*

70. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

71. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**Claim IV: Fabrication of Evidence Under 42 U.S.C. § 1983**
*Against Defendant Detective Daal and Officer Shannon*

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75. At the time of the plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime. Detective Daal and Officer Shannon falsely claimed Ms. Mapp was the individual in the video who was committing the series of burglaries.

76. The acts and conduct of the defendants were the direct and proximate cause of plaintiff's arrest and injury to the plaintiff, and violated his statutory and common law rights as guaranteed by the laws and Constitution.

77. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

78. As a result of the foregoing, plaintiffs were caused to suffer physical, psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**Claim V: Violation Of The Right To A Fair Prosecution And Due Process Of Law Under 42 U.S.C. § 1983**
*Against All Defendants*

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

80. DEFENDANTS failed to timely disclose material favorable to the defense in contravention of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

81. The individual DEFENDANTS acting individually and in concert and conspiracy, deliberately, and recklessly.

82. At all times DEFENDANTS were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK, at the aforesaid location.

83. That this information caused Plaintiff to be denied her liberty and right to a fair prosecution in violation of Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**Claim VI: Assault and Battery Under New York State Law**
*Against John Doe and Detective Daal*

84. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85. That, on or about July 05, 2021, DEFENDANTS, who were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK, at the aforesaid location.

86. That, on or about July 05, 2021, DEFENDANTS committed an assault and battery knowingly, intentionally and willfully.

87. That, on or about July 05, 2021 the individual DEFENDANTS who committed the aforementioned assault and battery upon the Plaintiff were acting within the scope of their employment with the Defendant, The City of New York.

88. That on or about July 05, 2021 the assault and battery on the Plaintiff was without probable cause and was not the result of a lawful arrest.

89. By reason of the foregoing, DEFENDANTS are liable to Plaintiff for damages.

**Claim VI: Excessive Force Under 42 U.S.C. § 1983**
*Against John Doe*

90. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91. In detaining plaintiff, Defendant John Doe used force.

92. The force used was unreasonable and excessive.

93. As a result of the unreasonable and excessive force, plaintiff suffered injuries requiring, physical rehabilitation, and substantial pain.

94. Defendants' use of force was a substantial factor in causing the harm to plaintiff.

95. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

**Claim VII:  Prima Facie Tort Under New York State Law**
*Against All Defendants*

96.     Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

97. Defendants intentionally inflicted harm, resulting in damages, without excuse or justification, by an act or. series of acts, excusing the foregoing claims, that were otherwise lawful.

98. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**Claim VIII: Negligent Supervision, Retention, and Training Under New York State Law**
*Against Defendant City of New York*

99.    Plaintiffs realleges the preceding paragraphs as if set forth here.

100.    Defendant City of New York failed to use reasonable care in the training and supervision of the NYPD Officers who, negligently injured, and violated the constitutional rights of Plaintiff.

101.    As a direct and proximate result of Defendant's negligence, Plaintiffs suffered serious bodily injury, emotional distress and mental anguish, costs, and expenses, and was otherwise damaged and injured.

**Claim IX: Violations of the New York State Constitution**
*Against All Defendants*

102.    Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

103.    By virtue of the aforementioned acts, the Individual Defendants are liable to Plaintiff for violating his right to due process under Article I § 6 of the New York State Constitution, and her right to be free of unreasonable and unlawful searches and seizures under Article I § 12 of the New York State Constitution.

104.    Defendant City of New York is liable for these violations of the New York State Constitution under the principle of *respondeat superior*. nsequently, the individual officers and the City of New York are liable to Plaintiff for compensatory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
              October 05, 2021

                              Yours, etc.

                              LORD LAW GROUP PLLC

                              /s/ Masai I. Lord

                              Masai I. Lord
                              Attorney for Plaintiff
                              IESHA MAPP
                              14 Wall St., Ste 1603
                              New York, NY 10005
                              718-701-1002
                              mlord@lordlawgroup.com